Bruce P. Keller (BK 9300)
S. Zev Parnass (SP 3284)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NATIONAL FOOTBALL LEAGUE and NFL          :
PROPERTIES LLC,

                     Plaintiffs,          :

                                  06 Civ. 9921 (LAK)

                v.          :          **COMPLAINT**

COMERCIAL LT BARODA S.A. D/B/A BETUS and  :
COMMERCIAL L.T. BARODA (CANADA) LTÉE        **ECF Case**
D/B/A BETUS,          :

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiffs National Football League and NFL Properties LLC (collectively,

"Plaintiffs"), by their attorneys, Debevoise & Plimpton LLP, for their complaint against

Defendants Comercial LT Baroda S.A. d/b/a BetUS and Commercial L.T. Baroda

(Canada) Ltée d/b/a BetUS (collectively, "BetUS"), allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

      1.     BetUS operates a gambling website located at www.betus.com.  Although

BetUS purports to operate from Canada and Costa Rica, it specifically targets U.S.

residents, including those within this District, with a range of advertising and promotional

materials.  Many of these materials tout the BetUS "American sportsbook," *see* Exhibit A

at 3 ("One Goal"), which, among other things, takes bets on the outcome of National Football League (the "NFL") football games.

2.      These acts violate United States and New York State criminal law.  *See United States v. Cohen*, 260 F.3d 68 (2d Cir. 2001); *People ex rel. Vacco v. World Interactive Gaming Corp.*, 714 N.Y.S. 2d 844 (N.Y. Sup. Ct. 1999).

3.      BetUS also violates well-settled principles of civil law.  To promote the sportsbook aspect of its gambling operations, BetUS makes extensive unauthorized use of the distinctive and famous trademarks of the NFL and its thirty-two member clubs (the "Member Clubs").  (The trademarks of the NFL and its Member Clubs are collectively referred to as the "NFL Marks.")  It does so on its website, in traditional advertising media, such as billboards strategically placed in cities with NFL teams, and with radio commercials that offer bettors who use BetUS a chance to win tickets to the "Super Bowl" game "for life."

4.      These activities amount to trademark infringement and dilution, false advertising and breach of the terms and conditions that govern the use of Super Bowl tickets.  By making extensive unauthorized use of NFL Marks, BetUS is trading upon the enormous goodwill and reputation associated with the NFL and its Member Clubs, has engaged in trademark infringement and dilution and has created the false impression that BetUS and its services, goods and promotions are sponsored, approved or endorsed by, or otherwise affiliated with, the NFL and/or the Member Clubs.  These violations are

particularly egregious given the NFL's strong, decades-old, anti-gambling policies, adopted to preserve the integrity of the game.

5.      BetUS also violates the terms and conditions under which Super Bowl tickets are issued.  Those tickets expressly prohibit the holder from using them for unauthorized commercial purposes like BetUS' "win Super Bowl seats for life" promotion.  Moreover, because the NFL has the right to, and would, preclude access to the Super Bowl championship games to holders of tickets used in unauthorized ways, it is false for BetUS to advertise that contestants will be able to attend any such game, let alone every game for life.

6.      BetUS knows that its conduct is unlawful.  Nonetheless, it has failed to respond to demands that it stop these violations, requiring Plaintiffs to file this lawsuit.

## THE PARTIES

7.      Plaintiff National Football League (the "NFL") is an unincorporated association of thirty-two Member Clubs, each of which owns and operates a professional football team.  The NFL's principal office is located at 280 Park Avenue, New York, New York 10017.  The NFL owns a number of trademarks, including but not limited to the federally-registered trademarks set forth in Exhibit B (which include the NFL Shield Logo, the Vince Lombardi Trophy, and the SUPER BOWL, PRO BOWL and NFL marks).

8.     Plaintiff NFL Properties LLC ("NFL Properties") is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal office located at 280 Park Avenue, New York, New York 10017.  NFL Properties is jointly owned in equal shares by the Member Clubs of the NFL.  NFL Properties is the exclusive representative of the NFL and its Member Clubs for the enforcement of the NFL Marks and the licensing of the NFL Marks for various commercial purposes.

9.     Upon information and belief, Defendant Comercial LT Baroda S.A. d/b/a BetUS is a corporation licensed to do business in Costa Rica with its principal office located at Oficentro Ejecutivo Sabana Sur, Edificio 2, Piso 3, San Jose, Costa Rica.

10.     Upon information and belief, Defendant Commercial L.T. Baroda (Canada) Ltée d/b/a BetUS is a limited company licensed to do business in Canada with its principal office located at 4480 ch. De La Côte-De-Liesse, Bureau 110-33, Mont-Royal, Quebec, Canada and an additional office located in Kahnawake, Quebec, Canada.

## JURSIDICTION AND VENUE

11.     This Court has jurisdiction over the federal claims asserted herein under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a). The matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

12.     This Court has personal jurisdiction over BetUS pursuant to N.Y. C.P.L.R. §§ 301 and 302.  By continuously soliciting business from New York residents on the Internet through a website, and, upon information and belief, accepting payment from New York residents, delivering cash winnings to New York residents and in other ways, BetUS has transacted business in New York and interstate and international commerce and has wrongfully caused the NFL, NFL Properties and the Member Clubs substantial injury in the State of New York.  BetUS specifically targets New York sports fans, including NFL fans, through its billboards and website.  In fact, BetUS recently erected a number of large billboards in New York City as part of its efforts to specifically target New York football fans.  *See* ¶ 22(f), *infra*.  BetUS also derives substantial revenue from interstate and international commerce.  Finally, by its actions, BetUS has done significant damage to the NFL and NFL Properties, both of which are based in New York.  Accordingly, BetUS should reasonably have expected its actions to have consequences in New York.

13.     In the alternative, this Court has personal jurisdiction over BetUS pursuant to Fed. R. Civ. P. 4(k)(2) because this action arises under federal law and BetUS has contacts with the United States as a whole sufficient to warrant the exercise of personal jurisdiction consistent with the Due Process Clause of the Fifth Amendment.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(d) because an alien entity may be sued in any district.  Moreover, venue is proper pursuant to 28

U.S.C. § 1391(b)-(c) both because a substantial part of the events giving rise to the claims

arose in this District and because BetUS is subject to personal jurisdiction in this District.

## THE TRADEMARKS OF THE NFL AND ITS MEMBER CLUBS

15.     NFL football is, and for many years has been, among the most popular

spectator sports in the United States.  The NFL brand of professional football, and the

identifying names, logos, uniform designs and other indicia associated with the NFL, are

enormously popular with both sports fans and the general public.  The NFL's advertising,

promotional and marketing efforts have resulted in widespread and favorable public

acceptance and recognition for its brand of professional football.

16.     The NFL Marks include, but are not limited to, the various federally-

registered trademarks set forth in Exhibits B and C.

17.     The NFL Marks receive enormous exposure in the marketplace.  Millions

of television viewers and attendees at NFL games regularly see these marks displayed on

the field, throughout game broadcasts and in connection with authorized sponsor

advertising.  Millions more see these marks in newscasts, newspapers, magazines, the

Internet and other media.  As a result, the NFL Marks are among the most widely-

recognized trademarks in the United States, as well as among the most popular with

consumers.

18.     The NFL Marks serve a source-identifying function by enabling

consumers to quickly recognize official NFL teams, events, and licensed products,

services and promotions.  Based on the extensive advertising, promotional and marketing efforts of the NFL, NFL Properties and the Member Clubs, the NFL Marks have acquired powerful secondary meaning and fame among consumers, representing significant goodwill of great value to the NFL, NFL Properties and the Member Clubs.

## THE LICENSING BUSINESS OF NFL PROPERTIES

19.     On behalf of the NFL and its Member Clubs, NFL Properties has established an extremely successful business in the commercial licensing of the NFL Marks.  NFL Properties has exclusively and successfully marketed and promoted NFL Marks on and in connection with many different goods and services through its licensees, sponsors and other business partners.  Given the enormous popularity of NFL football, a license to manufacture goods or offer services bearing or involving the NFL Marks is a highly coveted and valuable commercial asset precisely because it conveys the message of the NFL's or the Member Clubs' sponsorship or endorsement.

## SUPER BOWL TICKETS

20.     The back of every Super Bowl ticket states:

> No one holding this ticket may enter the stadium or otherwise use this ticket for advertising, promotion or any other commercial purposes (including contests, sweepstakes and giveaways) without the NFL's written consent.

For example, attached as Exhibit D (with the relevant language highlighted) is a copy of the back of the ticket that will be used for the Super Bowl game this February, 2007.

## **TRADEMARK VIOLATIONS**

21.     Upon information and belief, the Costa Rican and Canadian BetUS entities jointly operate a gambling website, located at www.betus.com (the "Website"), that offers betting on NFL games.  As described on the BetUS.com website:  "At BetUS.com, we are fans of the NFL, so we know what it takes to win at football betting. That's why we're America's favorite sportsbook.  Throughout this football season, we want to be your sportsbook for the NFL.  We've got the best odds on every single game of the season.  Join BetUS.com and bet on your team today!"  *See* Exhibit E.

22.     BetUS has disseminated the following advertising and promotional materials, each of which makes prominent use of NFL Marks:

(a)     BetUS' corporate brochure, available at http://www.BetUS.com/images/pdf/BetUS-CorporateBrochure.pdf, features the federally-registered Vince Lombardi Trophy trademark on its cover, as well as the uniform designs, helmet designs and logos of various Member Clubs throughout the brochure.  *See* Exhibit A.

(b)     BetUS has designed downloadable "wallpaper" for a consumer's PC, available at http://www.betus.com/nfl-football/wallpapers, for each of the 32 NFL Member Clubs.  The "wallpaper" consists of an advertisement for BetUS featuring a given Member Club's logo and a photograph of one of that Member Club's players in his team uniform.  *See* Exhibit F.

(c)     BetUS has created a 2005-2006 Swimsuit Calendar (the "Calendar"), which uses the logos of all 32 Member Clubs and the specially-designed SUPER BOWL XL logo.  *See* Exhibit G.

(d)     BetUS has designed an "NFL Schedule," available at http://www.betus.com/images/pdf/2006-2007_NFL_Football_Schedule_BetUS.pdf, which prominently features the NFL Shield Logo juxtaposed against the BetUS logo.  *See* Exhibit H.

(e)     On its Website, BetUS uses:

- The helmet designs of all 32 Member Clubs (containing their logos).

- The NFL Shield Logo.

- The NFC and AFC logos.

- The specially-designed SUPER BOWL XL logo.

- The Vince Lombardi Trophy.

- The uniform designs of various Member Clubs (through pictures of various players appearing in their official uniforms and helmets).

- The SUPER BOWL and PRO BOWL marks.

- The names of all 32 Member Clubs.

*See* Exhibit I.

(f)     BetUS has placed advertisements for its affiliated website, www.betus.net, on a number of billboards across the United States.  At

BetUS.net, BetUS provides information to assist the placing of bets or wagers on NFL games.  The billboards depict people wearing NFL team jerseys, which are distinctive and protected by federal trademark registrations.  These include billboards:

- In the Boston area depicting a man wearing a New England Patriots jersey.  The Patriots name and logo and the NFL Shield Logo are visible.

- In New York City depicting two men, one wearing a New York Jets jersey and one wearing a New York Giants jersey.  The Jets logo and the NFL Shield Logo are visible.

- In Cincinnati depicting a man wearing a Cincinnati Bengals jersey.  The Bengals logo and the NFL Shield Logo are visible.

- In Philadelphia depicting a man wearing a Philadelphia Eagles jersey.  The Eagles mark and the NFL Shield Logo are visible.

- In the Cleveland area depicting a man wearing a Cleveland Browns jersey.  The NFL Shield Logo is visible.

- In the Minneapolis/St. Paul area, depicting a man wearing a Minnesota Vikings jersey.  The NFL Shield Logo is visible.

*See* Exhibit J.

(g)      BetUS placed an advertisement for BetUS.net in the *USA Today Sports Weekly* (August 30-September 5) depicting a man wearing a New England Patriots jersey.  *See* Exhibit K.

(h)     BetUS created a "Double Page Fantasy Football Ad" that features the logos, uniform designs and helmet designs of the Green Bay Packers and New England Patriots.  *See* Exhibit L.

(i)     BetUS issued a "2006 Football Playbook" that features the Chicago Bears' logo, uniform design and helmet design on its cover.  *See* Exhibit L.

## VIOLATION OF TICKETBACK TERMS AND CONDITIONS

23.     BetUS also is running radio advertisements that offer listeners the opportunity to win "Super Bowl" tickets "for life."  *See* Exhibit M.  This violates the express terms set forth on the back of Super Bowl tickets, which prohibit the use of game tickets in connection with "advertising, promotion or any other commercial purposes (including contests, sweepstakes and giveaways)" without the express written consent of the NFL.

24.     By engaging in the unauthorized promotional use of Super Bowl tickets, not only is BetUS violating the terms and conditions on the backs of these tickets, it is also causing promotion winners and its sources of Super Bowl tickets to violate these same terms and conditions.

## BETUS HAS REFUSED TO STOP
## ITS UNAUTHORIZED COMMERCIAL ACTIVITIES

25.     Plaintiffs have made repeated efforts to persuade BetUS to cease the specific conduct objected to in this action.  On February 2, 2006, NFL Properties sent

11

BetUS a letter objecting to its unauthorized use of the NFL Marks on its Website and in its Calendar and demanding that it discontinue permanently all uses of NFL Marks.  In the letter, BetUS also was advised that the operation of a business using the Internet for the transmission of bets or wagers on NFL games violates federal criminal law.  A true and correct copy of this letter is attached hereto as Exhibit N.

26.     Because no response to the February 2 letter was received, NFL Properties sent a follow-up letter to BetUS on February 17, 2006 in which it reiterated its demands. *See* Exhibit O.  No response was received to this letter either, but with the end of the previous NFL season, BetUS ceased promoting its NFL sportsbook.

27.     Not only did BetUS ignore that letter, it committed new and different violations beginning with the current NFL season.  Accordingly, on August 25, 2006, NFL Properties sent BetUS another letter advising it that its Super Bowl ticket giveaway violates the express terms set forth on the backs of those tickets.  BetUS also was advised that its use of the SUPER BOWL mark violated the NFL's rights.  *See* Exhibit P.  No response to this letter was received.

28.     In short, it is clear that BetUS will not stop violating Plaintiffs' rights unless it and those in active concert and participation with it are ordered to do so.

## **FIRST CAUSE OF ACTION**

(Trademark Infringement under Section 32
of the Lanham Act, 15 U.S.C. § 1114)

29.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

30.     The unauthorized use by BetUS of the NFL Marks is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of BetUS' services, goods or promotions.

31.     The unauthorized use of NFL Marks by BetUS constitutes trademark infringement, with consequent damages to Plaintiffs and the substantial business and goodwill symbolized by the NFL Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Attached as Exhibit Q is a chart that lists the federally-registered NFL Marks BetUS has used without authorization, cross-referenced to the BetUS materials in which they appear.

32.     BetUS' actions described above have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiffs, the NFL Marks, and to the business and goodwill represented thereby, leaving Plaintiffs with no adequate remedy at law.

33.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against BetUS restraining further acts of trademark infringement, and, after trial, to

recover the damages resulting from the aforesaid acts of trademark infringement together with BetUS' profits.

## SECOND CAUSE OF ACTION

(False Designation of Origin,
False Representations and False Advertising under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

34.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

35.     The unauthorized use by BetUS of NFL Marks is likely to cause and has caused consumers mistakenly to believe that BetUS and its goods, services and promotions are sponsored, approved or endorsed by, or are otherwise affiliated with, the NFL and/or the Member Clubs, thus constituting false designation of origin and false representations, with consequent damages to Plaintiffs and the substantial business and goodwill symbolized by the NFL Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Moreover, because BetUS is awarding Super Bowl tickets without authorization and in violation of the terms and conditions on the backs of Super Bowl tickets, the NFL has the right, *inter alia*, to refuse entry to—or eject—any spectator who attends the Super Bowl game in violation of those terms.  BetUS thus is falsely advertising that it is authorized to provide contest winners with access to a Super Bowl game and that winners will be able to attend any Super Bowl game, let alone for the rest of their lives.

37.     By engaging in the activities described above, BetUS has made and is making false, deceptive and misleading statements constituting false designation of origin, false representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     BetUS' actions described above, including the use of NFL Marks in interstate and international commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiffs, the NFL Marks, and to the business and goodwill represented thereby, leaving Plaintiffs with no adequate remedy at law.

39.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against BetUS, restraining further acts of false designation of origin, false representations and false advertising, and, after trial, to recover the damages resulting from the aforesaid acts of false designation of origin, false representations and false advertising together with BetUS' profits.

## **THIRD CAUSE OF ACTION**

(Trademark Infringement under New York Law)

40.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

41.     BetUS' unauthorized use of the NFL Marks in connection with its goods, services and promotions is likely to cause confusion or mistake or to deceive as to the source of origin of such goods, services or promotions.

42.     BetUS' acts as described above constitute trademark infringement under N.Y. Gen. Bus. Law § 360-k.

**FOURTH CAUSE OF ACTION**

(Trademark Dilution under Federal Law)

43.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

44.     The NFL Marks are among the most famous and most recognizable trademarks used in interstate commerce in the United States.  Among other things:  (a) the NFL Marks are inherently distinctive and have acquired a high degree of distinctiveness; (b) the NFL Marks have been used for years, if not decades, depending on the team, throughout the United States to promote, advertise and publicize many goods and services; (c) the NFL, NFL Properties and the Member Clubs have advertised and publicized the NFL Marks for the period the NFL Marks have been in use throughout the United States; (d) the NFL, NFL Properties and the Member Clubs have used the NFL Marks in a trading area of broad geographical scope encompassing, *inter alia*, all of the states and territories of the United States; (e) the NFL Marks are among the preeminent marks in professional sports and entertainment; (f) the NFL Marks have an extremely high degree of recognition among the general consuming public of the United States as a designation of source of the goods or services of the marks' owners; (g) except as authorized by NFL Properties, there are no similar NFL trademarks in use to any

extent by third parties; and (h) NFL Marks currently include scores of registered trademarks under the Lanham Act on the Principal Register.

45.    BetUS' conduct described above impairs the distinctiveness of the famous NFL Marks:  (a) BetUS uses the exact NFL Marks to promote its goods, services and promotions; (b) the famous NFL Marks are inherently distinctive and have acquired a high degree of distinctiveness; (c) the respective owners of the various NFL Marks engage in exclusive use of those marks through NFL Properties; (d) the NFL Marks have an extremely high degree of recognition among the general consuming public of the United States as a designation of source of the goods or services of the marks' owners; (e) BetUS clearly intended to create an association between itself and the NFL Marks and the goodwill symbolized by the NFL Marks; and (f) because BetUS is using the exact NFL Marks, there necessarily is an actual association between BetUS, its betting activities and its uses of the NFL Marks and Plaintiffs and the NFL Marks.

46.    Accordingly, BetUS' conduct described above is likely to cause dilution by blurring of, and does, in fact, dilute and detract from the distinctiveness of, the famous NFL Marks, with consequent damage to Plaintiffs and to the substantial business and goodwill symbolized by the NFL Marks in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

47.    Betting on NFL games is an activity that violates long-standing NFL policy.  As a result of BetUS' conduct described above and its use of the exact NFL

Marks, an association has arisen between BetUS, its betting activities and its uses of the NFL Marks and Plaintiffs and the NFL Marks that harms the reputations of the famous NFL Marks and the substantial business and goodwill symbolized thereby.

48.     Accordingly, BetUS' conduct described above is likely to cause dilution by tarnishment of, and does, in fact, dilute and detract from the distinctiveness of, the famous NFL Marks, with consequent damage to Plaintiffs and to the substantial business and goodwill symbolized by the NFL Marks in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

49.     BetUS' willful acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to Plaintiffs and the NFL Marks and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving Plaintiffs with no adequate remedy at law.

50.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against BetUS, restraining further acts of trademark dilution, and, after trial, to recover the damages resulting from BetUS' acts of trademark dilution.

## FIFTH CAUSE OF ACTION

(Trademark Dilution under New York Law)

51.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

52.    The NFL Marks are distinctive, and are likely to be diluted as a result of BetUS' conduct.

53.    BetUS' conduct has been undertaken with a willful intent to trade on Plaintiffs' reputation and to cause dilution of the distinctive quality of the famous NFL Marks, and this conduct entitles Plaintiffs to damages and the other remedies available pursuant to New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## SIXTH CAUSE OF ACTION

(Unfair Competition under New York Law)

54.    Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

55.    The unauthorized use by BetUS of the NFL Marks is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of BetUS' services, goods or promotions.

56.    BetUS has acted in bad faith in using the NFL Marks without authorization.

57.    BetUS' acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

19

## SEVENTH CAUSE OF ACTION

(Deceptive Acts and Practices under New York Law)

58.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

59.     BetUS' conduct is oriented and directed towards consumers and is deceptive or misleading in a material way.

60.     Plaintiffs have suffered injury as a result of BetUS' conduct.

61.     BetUS' acts as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349.

## EIGHTH CAUSE OF ACTION

(False Advertising under New York Law)

62.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

63.     BetUS' advertising has had an impact on consumers and is deceptive or misleading in a material way.

64.     Plaintiffs have suffered injury as a result of BetUS' advertising.

65.     BetUS' acts as described above constitute false advertising in violation of N.Y. Gen. Bus. Law § 350.

## NINTH CAUSE OF ACTION

(Breach of Contract)

66.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

67.     Super Bowl tickets are issued by the NFL in exchange for consideration. A valid enforceable contract is formed at that point, the terms and conditions of which, plainly printed on each ticket, bind all holders of Super Bowl tickets.

68.     The terms and conditions on the backs of Super Bowl tickets that form the contract expressly prohibit the holder from using them for commercial purposes (including contests, sweepstakes and giveaways).

69.     The acts of BetUS, as described above, constitute a breach of the terms and conditions on the backs of Super Bowl tickets.

70.     The acts of BetUS, as described above, have damaged Plaintiffs in an amount that cannot be ascertained at this time and, unless restrained, will cause further damage.

71.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against BetUS, restraining further acts of breach of contract and, after trial, to recover the damages resulting from the aforesaid acts of breach of contract together with BetUS' profits.

## **TENTH CAUSE OF ACTION**

(Tortious Interference with Contractual Relations)

72.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

73.     BetUS has knowledge of the terms and conditions that bind the holders of Super Bowl tickets because Plaintiffs have made it aware of them.

74.     BetUS, as described above, intentionally and maliciously has interfered with these contracts by wrongfully inducing the breach of these contracts.  In particular, BetUS is inducing third parties—the promotion winners—to attend the Super Bowl game in violation of the terms and conditions on the backs of Super Bowl tickets.  BetUS also is inducing the sources of the Super Bowl tickets to breach the terms and conditions when it uses them for commercial purposes.

75.     The acts of BetUS, as described above, have damaged Plaintiffs in an amount that cannot be ascertained at this time and, unless restrained, will cause further damage.

76.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against BetUS, restraining further acts of tortious interference with contractual relations and, after trial, to recover the damages resulting from the aforesaid acts of tortious interference with contractual relations together with BetUS' profits.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that the Court:

1.      Immediately and permanently enjoin BetUS and its agents, officers, directors, servants, employees, representatives, attorneys, related companies, successors, assigns, affiliates and all others in active concert or participation with any of them, from:

(a)      Distributing in any medium the BetUS corporate brochure currently available at http://www.BetUS.com/images/pdf/BetUS-CorporateBrochure.pdf, or any other brochure making similarly confusing uses of NFL Marks;

(b)      Distributing in any medium the "wallpaper" currently available at http://www.betus.com/nfl-football/wallpapers, or any other "wallpaper" making similarly confusing uses of NFL Marks;

(c)      Distributing in any medium the 2005-2006 Swimsuit Calendar, or any other calendar making similarly confusing uses of NFL Marks;

(d)      Distributing in any medium the BetUS "NFL Schedule," currently available at http://www.betus.com/images/pdf/2006-2007_NFL_Football_Schedule_ BetUS.pdf, or any other schedule making similarly confusing uses of NFL Marks;

(e)      Displaying on a website any NFL Marks or any marks confusingly similar thereto;

(f)      Displaying on any billboard or in any other form of mass media advertising, including newspapers, magazines and journals, advertisements preeminently displaying NFL team jerseys or any other of the NFL Marks;

(g)      Using the NFL Marks in connection with any "fantasy football" game or promotion;

(h)      Distributing in any medium the BetUS "2006 Football Playbook," or any other "playbook" or brochure making similarly confusing uses of NFL Marks;

(i)      Making any other use, in whole or in part, of any NFL Marks or any marks or designations confusingly similar to, or likely to dilute or detract from, whether through blurring or tarnishment, any NFL Marks without the express authorization of the NFL, NFL Properties and/or the relevant Member Club;

(j)      Representing by any means whatsoever, directly or indirectly, that any goods, services, promotions, contests, sweepstakes or giveaways offered by BetUS are authorized, sponsored, licensed, endorsed or promoted by, or otherwise affiliated with, the NFL, NFL Properties or any Member Clubs without the express authorization of the NFL, NFL Properties and/or those Member Clubs;

(k)      Doing any other acts or things calculated or likely to cause confusion or mistake in the minds of the public or to lead consumers into the false belief that any goods, services, promotions, contests, sweepstakes or giveaways offered by BetUS are authorized, sponsored, licensed, endorsed or promoted by the NFL, NFL

24

Properties or any Member Clubs, or are otherwise affiliated with or connected to the NFL, NFL Properties or any Member Clubs, and otherwise unfairly competing with the NFL, NFL Properties or any Member Clubs;

        (l)     Using tickets to NFL games for any advertising, promotional or other commercial purpose (including in connection with contests, sweepstakes and giveaways) without the express authorization of the NFL, NFL Properties and/or the relevant Member Club; and

        (m)    Transmitting or taking any bets or wagers or transmitting information assisting in the placing of bets or wagers on NFL games by means of any website, communication facility or other medium that makes unauthorized use of NFL Marks.

        2.     Direct BetUS to account to Plaintiffs for its profits and all damages sustained arising from its foregoing acts, and order that Plaintiffs recover a sum equal to three times such profits or damages (whichever is greater) pursuant to 15 U.S.C. § 1117.

        3.     Award Plaintiffs punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of BetUS' gross, wanton, willful and malicious conduct.

        4.     Direct BetUS to deliver up for destruction all infringing materials in its possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118.

5.     Direct BetUS to recall from any and all channels of distribution any and all materials bearing the NFL Marks.

6.     Direct BetUS to file with the Court and serve on counsel for Plaintiffs within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement, pursuant to 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which BetUS has complied with any injunction which the Court may enter in this action.

7.     Award Plaintiffs their reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of BetUS' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h).

8.     Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated:  October 18, 2006
        New York, New York

                              Respectfully submitted,

                              DEBEVOISE & PLIMPTON LLP

                              By:  /s/ Bruce P. Keller
                                   Bruce P. Keller (BK 9300)
                                   S. Zev Parnass (SP 3284)
                              919 Third Avenue
                              New York, New York 10022
                              (212) 909-6000 (phone)
                              (212) 909-6836 (fax)
                              bpkeller@debevoise.com
                              szparnass@debevoise.com

                              *Attorneys for Plaintiffs*