ELECTRONICALLY FILED

Bruce P. Keller (BK 9300)
S. Zev Parnass (SP 3284)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NATIONAL FOOTBALL LEAGUE and NFL          :
PROPERTIES LLC,
                     Plaintiffs,         :
                                           06 Civ. 9921 (LAK)
                     v.                 :
                                             ECF Case
COMERCIAL LT BARODA S.A. D/B/A BETUS and  :
COMMERCIAL L.T. BARODA (CANADA) LTÉE
D/B/A BETUS,                              :
                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF MOTION FOR DEFAULT JUDGMENT

PLEASE TAKE NOTICE that, upon the Declaration of Gary M. Gertzog, dated January 11, 2007, the Declaration of S. Zev Parnass, dated December 6, 2006, and the Supplemental Declaration of S. Zev Parnass, dated January 11, 2007, together with the exhibits thereto, the memorandum of law in support of a default judgment and all prior pleadings and proceedings herein, plaintiffs National Football League ("NFL") and NFL Properties LLC ("NFL Properties") (collectively, "Plaintiffs"), by their undersigned attorneys, will move this Court before the Honorable Lewis A. Kaplan, United States District Judge, in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, at such place and time as the Court may direct, for entry of a Default Judgment against defendants Comercial LT Baroda

S.A. d/b/a BetUS and Commercial L.T. Baroda (Canada) Ltée d/b/a BetUS (collectively, "Defendants" or "BetUS") pursuant to Federal Rule of Civil Procedure 55(b) and Civil Rule 55.2 of the Local Rules of the United States District Court for the Southern District of New York:

    1.    Permanently enjoining BetUS and its agents, officers, directors, servants, employees, representatives, attorneys, related companies, successors, assigns, affiliates and all others in active concert or participation with any of them, from:

    (a)    Distributing in any medium the BetUS corporate brochure, still available at http://www.BetUS.com/images/pdf/BetUS-CorporateBrochure.pdf, or any other brochure making similarly confusing uses of the trademarks of the NFL and its member clubs ("Member Clubs") (collectively, the "NFL Marks");

    (b)    Distributing in any medium the "wallpaper" still available at http://www.betus.com/nfl-football/wallpapers, or any other "wallpaper" making similarly confusing uses of NFL Marks;

    (c)    Distributing in any medium the BetUS 2005-2006 Swimsuit Calendar, or any other calendar making similarly confusing uses of NFL Marks;

    (d)    Distributing in any medium the BetUS "NFL Schedule," still available at http://www.betus.com/images/pdf/2006-2007_NFL_Football_Schedule_BetUS.pdf, or any other schedule making similarly confusing uses of NFL Marks;

(e) Displaying on a website any NFL Marks or any marks confusingly similar thereto;

(f) Displaying on any billboard or in any other form of mass media advertising, including newspapers, magazines and journals, advertisements preeminently displaying NFL team jerseys or any other of the NFL Marks;

(g) Using the NFL Marks in connection with any "fantasy football" game or promotion;

(h) Distributing in any medium the BetUS "2006 Football Playbook," or any other "playbook" or brochure making similarly confusing uses of NFL Marks;

(i) Making any other use, in whole or in part, of any NFL Marks or any marks or designations confusingly similar to, or likely to dilute or detract from, whether through blurring or tarnishment, any NFL Marks without the express authorization of the NFL, NFL Properties and/or the relevant Member Club;

(j) Representing by any means whatsoever, directly or indirectly, that any goods, services, promotions, contests, sweepstakes or giveaways offered by BetUS are authorized, sponsored, licensed, endorsed or promoted by, or otherwise affiliated with, the NFL, NFL Properties or any Member Clubs without the express authorization of the NFL, NFL Properties and/or those Member Clubs;

(k) Doing any other acts or things calculated or likely to cause confusion or mistake in the minds of the public or to lead consumers into the false belief

that any goods, services, promotions, contests, sweepstakes or giveaways offered by BetUS are authorized, sponsored, licensed, endorsed or promoted by the NFL, NFL Properties or any Member Clubs, or are otherwise affiliated with or connected to the NFL, NFL Properties or any Member Clubs, and otherwise unfairly competing with the NFL, NFL Properties or any Member Clubs;

      (l)      Using tickets to NFL games for any advertising, promotional or other commercial purpose (including in connection with contests, sweepstakes and giveaways) without the express authorization of the NFL, NFL Properties and/or the relevant Member Club; and

      (m)      Transmitting or taking any bets or wagers or transmitting information assisting in the placing of bets or wagers on NFL games by means of any website, communication facility or other medium that makes unauthorized use of NFL Marks.

2.      Ordering BetUS to account to Plaintiffs for damages sustained arising from its unlawful acts pursuant to 15 U.S.C. § 1117.

3.      Requiring BetUS to deliver up for destruction all infringing materials in its possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118.

4.      Requiring BetUS to recall from any and all channels of distribution any and all materials bearing the NFL Marks.

5. Requiring BetUS to file with the Court and serve on counsel for Plaintiffs within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement, pursuant to 15 U.S.C. § 1116(a), setting forth in detail the manner and form in which BetUS has complied with any injunction which the Court may enter in this action.

6. Requiring BetUS to pay Plaintiffs their attorneys' fees along with the costs and disbursements incurred in bringing this action as a result of BetUS' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h).

7. Ordering that the Clerk of the Court shall close this case and remove it from the docket, without prejudice to Plaintiffs' ability to enforce the Default Judgment, or to reopen this matter to pursue sanctions for any violations of the Default Judgment or any other Judgment or Final Order entered in this case.

Dated: January 18, 2007
      New York, New York

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: /s/ S. Zev Parnass
    Bruce P. Keller (BK 9300)
    S. Zev Parnass (SP 3284)
919 Third Avenue
New York, New York 10022
(212) 909-6000 (phone)
(212) 909-6836 (fax)
bpkeller@debevoise.com
szparnass@debevoise.com

*Attorneys for Plaintiffs*