ELECTRONICALLY FILED

Bruce P. Keller (BK 9300)
S. Zev Parnass (SP 3284)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NATIONAL FOOTBALL LEAGUE and NFL        :
PROPERTIES LLC,
     Plaintiffs,    :
           06 Civ. 9921 (LAK)
     v.      :
           ECF Case
COMERCIAL LT BARODA S.A. D/B/A BETUS and :
COMMERCIAL L.T. BARODA (CANADA) LTÉE
D/B/A BETUS,        :
     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' APPLICATION
FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS**

Table of Contents

Page

STATEMENT OF FACTS ...................................................................................................2

ARGUMENT.......................................................................................................................4

I. The Court Should Enter a Default Judgment against Defendants. .........................4

II. Injunctive Relief is Appropriate in this Instance. ...................................................7

III. Defendants' Violations of Plaintiffs' Rights Merit an Award of Plaintiffs' Damages and Costs....................................................................................................8

IV. Defendants' Willful Infringement Entitles Plaintiffs to their Reasonable Attorneys' Fees. .........................................................................................................8

CONCLUSION...................................................................................................................10

Table of Authorities

Page

**FEDERAL CASES**

*Bloomingdale's, Inc. v. Bloomingdeal's, Inc.*,
   1990 U.S. Dist. LEXIS 5919 (S.D.N.Y. May 17, 1990) ............................................. 6, 9

*Christian Dior Couture v. Fred's International Handbags*,
   2002 U.S. Dist. LEXIS 778 (S.D.N.Y. Jan. 17, 2002) ..................................................... 9

*Garden City Boxing Club, Inc. v. Andino*,
   2006 U.S. Dist. LEXIS 39634 (S.D.N.Y. June 14, 2006) ............................................ 5, 6

*GTFM, Inc. v. Solid Clothing Inc.*,
   215 F. Supp. 2d 273 (S.D.N.Y. 2002) ............................................................................. 7

*Mason Tenders District Council Welfare Fund v. Duce Construction Corp.*,
   2003 U.S. Dist. LEXIS 6881 (S.D.N.Y. Apr. 25, 2003) .............................................. 5, 6

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*,
   317 F.3d 209 (2d Cir. 2003) ......................................................................................... 8-9

*Trans Atlantic Airlines, Inc. v. Kambi Travel International*,
   2006 U.S. Dist. LEXIS 20359 (S.D.N.Y. Apr. 17, 2006) ............................................... 6

*United States v. Cohen*,
   260 F.3d 68 (2d Cir. 2001) ......................................................................................... 9-10

*United We Stand America, Inc. v. United We Stand, America New York, Inc.*,
   128 F.3d 86 (2d Cir. 1997) .............................................................................................. 7

**STATE CASES**

*People ex rel. Vacco v. World Interactive Gaming Corp.*,
   714 N.Y.S.2d 844 (N.Y. Sup. Ct. 1999) ........................................................................ 10

**STATUTES AND OTHER AUTHORITIES**

15 U.S.C. § 1116 ..................................................................................................................... 7

15 U.S.C. § 1117 ..................................................................................................................... 8

15 U.S.C. § 1118 ..................................................................................................................... 7

Table of Authorities
(continued)

Page

FED. R. CIV. P. 4 ...................................................................................................................1

FED. R. CIV. P. 12 ...............................................................................................................4, 5

FED. R. CIV. P. 55 ............................................................................................................ 1, 4-5

N.Y. GEN. BUS. L. § 360 ........................................................................................................7

Plaintiffs National Football League ("NFL") and NFL Properties LLC ("NFL Properties") (collectively, "Plaintiffs") submit this Memorandum of Law in support of their motion for a default judgment under Rule 55 of the Federal Rules of Civil Procedure.

Plaintiffs filed their Complaint against defendants Comercial LT Baroda S.A. d/b/a BetUS ("BetUS Costa Rica") and Commercial L.T. Baroda (Canada) Ltée d/b/a BetUS ("BetUS Canada") (collectively, "Defendants" or "BetUS") on October 18, 2006. A copy of the Complaint (without exhibits) is attached as Exhibit 1 to the Declaration of S. Zev Parnass, dated December 6, 2006 ("Parnass Declaration").

On October 18, 2006, the Clerk of this Court issued a Summons for each Defendant. On October 19, 2006, the Clerk of this Court served a Summons and the Complaint on both Defendants via Federal Express mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii). On October 23, 2006, the Federal Express package containing the Summons and Complaint was delivered to BetUS Costa Rica in San Jose, Costa Rica. The Return of Service for this defendant was filed on October 25, 2006. A copy of the Summons, Return of Service and Certificate of Mailing for this defendant are attached as Exhibit 2 to the Parnass Declaration. On October 26, 2006, the Federal Express package containing the Summons and Complaint was delivered to BetUS Canada in Mont-Royal, Quebec, Canada. The Return of Service for this defendant was filed on October 31, 2006. A copy of the Summons, Return of Service and Certificate of Mailing for this defendant are attached as Exhibit 3 to the Parnass Declaration.

Defendants are well aware of this lawsuit and are represented by counsel in Canada. Nonetheless, they have neither appointed counsel to represent them in this action nor otherwise responded to the Complaint. Plaintiffs have not agreed to, nor did Defendants' Canadian counsel ever request, any extension of time to respond. Parnass Declaration ¶ 9. On December 6, 2006, the clerk of this Court entered a certificate of default against Defendants. *See* Supplemental Declaration of S. Zev Parnass, dated January 11, 2007 ("Parnass Supp. Decl."), ¶ 3, Ex. A. Accordingly, Plaintiffs now move for entry of a default judgment.

## STATEMENT OF FACTS

NFL football is, and for many years has been, among the most popular spectator sports in the United States. Declaration of Gary M. Gertzog, dated January 11, 2007 ("Gertzog Declaration"), ¶ 4. The NFL brand of professional football, and the identifying names, logos, uniform designs and other indicia associated with the NFL and its member clubs ("Member Clubs"), are enormously popular with both sports fans and the general public. *Id.* The NFL's advertising, promotional and marketing efforts have resulted in widespread and favorable public acceptance and recognition for its brand of professional football, as well as the trademarks that identify it. *Id.* These include, but are not limited to, the various federally-registered trademarks set forth in Exhibits A and B of the Gertzog Declaration (the "NFL Marks").

The NFL Marks receive enormous exposure in the marketplace. Gertzog Declaration ¶ 5. Millions of television viewers and attendees at NFL games regularly see

these marks displayed on the field, throughout game broadcasts and in connection with authorized sponsor advertising. *Id.* Millions more see these marks in newscasts, newspapers, magazines, the Internet and other media. *Id.* As a result, the NFL Marks are among the most widely-recognized trademarks in the United States, as well as among the most popular with consumers. *Id.*

On behalf of the NFL and the Member Clubs, NFL Properties has established an extremely successful business in the commercial licensing of the NFL Marks. *Id.* ¶ 7. Given the enormous popularity of NFL football, a license to manufacture goods or offer services bearing or involving the NFL Marks is a highly coveted and valuable commercial asset precisely because it conveys the message of the NFL's or the Member Clubs' sponsorship or endorsement. *Id.*

Defendants openly and notoriously operate a gambling website, located at www.betus.com (the "Website"), that offers betting on NFL games. *Id.* ¶ 8. The BetUS.com website previously stated: "At BetUS.com, we are fans of the NFL, so we know what it takes to win at football betting. That's why we're America's favorite sportsbook. Throughout this football season, we want to be your sportsbook for the NFL. We've got the best odds on every single game of the season. Join BetUS.com and bet on your team today!" *See id.* ¶ 8, Ex. C.

BetUS previously has disseminated, and in some cases continues to disseminate, advertising and promotional materials making prominent use of the exact NFL Marks, often in ways that mimic the uses made by NFL sponsors and licensees. These materials

range from BetUS' corporate brochure to its 2005-2006 swimsuit calendar to billboards placed in various American cities. *See* Gertzog Declaration ¶ 9, Exs. D-K.

BetUS also ran radio advertisements that offered listeners the opportunity to win "Super Bowl" tickets "for life." *See* Gertzog Declaration ¶ 10, Ex. L. This violates the express terms set forth on the backs of Super Bowl tickets, which prohibit the use of game tickets in connection with "advertising, promotion or any other commercial purposes (including contests, sweepstakes and giveaways)" without the express written consent of the NFL. *See id.* ¶ 10, Ex. M. By engaging in the unauthorized promotional use of Super Bowl tickets, not only is BetUS violating the terms and conditions on the backs of these tickets, it also is causing promotion winners and its sources of Super Bowl tickets to violate these same terms and conditions.

Plaintiffs made repeated efforts to persuade BetUS to cease the unauthorized commercial use of the NFL Marks objected to in this action. Gertzog Declaration ¶¶ 11-13. Those efforts were ignored, leading to the commencement of this action, which BetUS also has ignored.

## ARGUMENT

**I.     The Court Should Enter a Default Judgment against Defendants.**

Defendants are in default. They have failed to answer or otherwise move in response to the Complaint filed by Plaintiffs on October 18, 2006. The Federal Rules of Civil Procedure require that a defendant respond within twenty (20) days after being served with the Summons and Complaint. FED. R. CIV. P. 12(a)(1)(A). Pursuant to Rule

4

55 of the Federal Rules of Civil Procedure, a party may apply to the Court for a default judgment if the defendant has failed to respond or otherwise defend in accordance with the guidelines set forth in Rule 12.  Defendants neither responded to or otherwise moved in response to the Complaint by November 13, 2006 (in the case of BetUS Costa Rica) or November 15, 2006 (in the case of BetUS Canada).  To this day, they still have not submitted an answer or motion.  Plaintiffs are left with no choice but to seek entry of a default judgment.

In ruling on a motion for a default judgment, the Court must consider three factors: (1) whether the defendant's default was "willful"; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) whether and what amount of prejudice the plaintiff would suffer if the default judgment is denied.  *Garden City Boxing Club, Inc. v. Andino*, 2006 U.S. Dist. LEXIS 39634, at *6 (S.D.N.Y. June 14, 2006); *Mason Tenders Dist. Council Welfare Fund v. Duce Constr. Corp.*, 2003 U.S. Dist LEXIS 6881, at *5 (S.D.N.Y. Apr. 25, 2003).  An entry of a default judgment should be made only upon a showing of willfulness, "such that the failure to answer was more than mere negligence or carelessness."  *Garden City Boxing Club*, 2006 U.S. Dist. LEXIS 39634, at *6.

Defendants' failure to respond to the Summonses and Complaint or otherwise make an appearance in this action is plainly willful.  *Garden City Boxing Club*, 2006 U.S. Dist. LEXIS 39634, at *7; *Mason Tenders*, 2003 U.S. Dist. LEXIS 6881, at *6.  Defendants have a Canadian attorney who is well aware of this action and the

consequences of Defendants' failure to answer the Complaint.  Parnass Supp. Decl. ¶ 4.  In fact, it is Plaintiffs' understanding, based on conversations with Defendants' Canadian attorney, that Defendants plan never to appear in this action and have essentially dared Plaintiffs to attempt to enforce a default judgment against them.  Parnass Supp. Decl. ¶ 6.

Because Defendants have not offered any defenses, they are deemed to have admitted the allegations of the Complaint (other than those concerning the amount of damages).  Accordingly, the Court need not analyze whether any meritorious defenses to the Complaint exist.  *Garden City Boxing Club*, 2006 U.S. Dist. LEXIS 39634, at *7; *Mason Tenders*, 2003 U.S. Dist. LEXIS 6881, at *6.  Nonetheless, it also is plain that Defendants have no meritorious defenses.  They have made extensive and blatant unauthorized use of the exact NFL Marks in a variety of media.  *See Bloomingdale's, Inc. v. Bloomingdeal's, Inc.*, 1990 U.S. Dist. LEXIS 5919, at *1-2, 4-8 (S.D.N.Y. May 17, 1990) (no meritorious defenses where defendant "used the exact same type style and distinctive interlocking O's which are used in plaintiff's BLOOMINGDALE'S service mark").

Plaintiffs would be prejudiced if the Court denies this motion for a default judgment because Defendants have "failed to appear and respond," *Trans Atlantic Airlines, Inc. v. Kambi Travel Int'l*, 2006 U.S. Dist. LEXIS 20359, at *4 (S.D.N.Y. Apr. 17, 2006), and plan never to do so.  *See* Parnass Supp. Decl. ¶ 6.  Only a default judgment and enforcement of that judgment would provide Plaintiffs with any opportunity to protect their valuable trademark rights.

## II.     Injunctive Relief is Appropriate in this Instance.

Courts routinely grant injunctive relief through default judgments.  *See, e.g.*, *United We Stand America, Inc. v. United We Stand, America New York, Inc.*, 128 F.3d 86, 88 (2d Cir. 1997) (affirming default judgment in action to enjoin the use of plaintiff's registered service mark).  In particular, the Lanham Act, 15 U.S.C. §§ 1116(a), 1118, and N.Y. GEN. BUS. L. § 360-m both specifically authorize injunctive relief in cases such as this where the defendant has infringed or diluted the plaintiff's trademark rights.  *See GTFM, Inc. v. Solid Clothing Inc.*, 215 F. Supp. 2d 273, 307 (S.D.N.Y. 2002) (approving an injunction "prohibiting [defendant] from making any unauthorized use of [plaintiff's] trademarks and trade dress" and directing that defendant deliver for destruction all infringing merchandise).

Plaintiffs are entitled to an injunction permanently enjoining Defendants from using the NFL Marks or any marks confusingly similar thereto.  Plaintiffs also are entitled to an injunction permanently enjoining Defendants from representing by any means whatsoever that any product or service offered by Defendants is authorized or affiliated with Plaintiffs, from committing any act of unfair competition or palming off with respect to Plaintiffs, and from doing any other acts or things likely to cause confusion or mistake in the minds of the public or to lead consumers into the false belief that products or services sold or offered for sale by Defendants are authorized or affiliated with Plaintiffs.

7

### III. Defendants' Violations of Plaintiffs' Rights Merit an Award of Plaintiffs' Damages and Costs.

Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover: (1) Defendants' profits; (2) any damages sustained by Plaintiffs; and (3) the costs of this action.

In this case, Plaintiffs are entitled to an award of damages related to the use of the NFL Marks, as well as their costs in this action. Plaintiffs have sustained damages in the form of (1) lost commercial licensing fees in the amounts that NFL sponsors and licensees pay for uses of NFL Marks similar in scope and type to those made by BetUS, (2) loss of control over the NFL Marks, (3) lost sales to consumers of goods, such as calendars bearing the NFL Marks, that are offered by both the NFL or the Member Clubs and BetUS, and (4) potential harm to the NFL Marks' goodwill among those who have purchased goods or services from Defendants under the false impression that Defendants had an association or affiliation with Plaintiffs. *See* Gertzog Declaration ¶ 14.

At the inquest to be scheduled by this Court, Plaintiffs plan on presenting evidence of license and sponsorship agreements that permit NFL licensees and sponsors to use the NFL Marks in ways comparable to the unauthorized uses made by BetUS. Plaintiffs also plan on presenting evidence of their costs in this action.

### IV. Defendants' Willful Infringement Entitles Plaintiffs to their Reasonable Attorneys' Fees.

Under 15 U.S.C. § 1117, Plaintiffs are entitled to their reasonable attorneys' fees incurred in bringing this trademark infringement action. An award of attorneys' fees is merited in "exceptional cases" where, as here, the Defendants have engaged in "fraud or

bad faith" or "willful infringement." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003) (citations omitted).

This case is exceptional because the Defendants have engaged in both bad faith and willful infringement. First, when a defendant defaults by failing to appear in an action, a finding of willfulness is permitted and attorneys' fees may be awarded. *Christian Dior Couture v. Fred's Int'l Handbags*, 2002 U.S. Dist. LEXIS 778, at *14 (S.D.N.Y. Jan. 17, 2002); *Bloomingdale's, Inc.*, 1990 U.S. Dist. LEXIS 5919, at *7-8 (awarding attorneys' fees when defendant defaulted).

Second, Defendants have made extensive and blatant unauthorized use of numerous NFL Marks in a variety of media, and refused to stop doing so even after being contacted a number of times by Plaintiffs. There can be no question but that Defendants were well aware that they were using the exact NFL Marks without authorization. *See Bloomingdale's, Inc.*, 1990 U.S. Dist. LEXIS 5919, at *1-2, 7-8 (awarding attorneys' fees when defendant defaulted and "used the exact same type style and distinctive interlocking O's which are used in plaintiff's BLOOMINGDALE'S service mark").

Third, Defendants have refused to appear in this action (although they are fully aware of it) and have all but dared Plaintiffs to try to enforce any judgment entered by this Court, thereby "thumbing their noses" at U.S. law and the American judicial system. This is not surprising, given that Defendants also flaunt U.S. criminal law by offering Internet gambling services to American customers. *See United States v. Cohen*, 260 F.3d

68 (2d Cir. 2001); *People ex rel. Vacco v. World Interactive Gaming Corp.*, 714 N.Y.S. 2d 844 (N.Y. Sup. Ct. 1999).

Plaintiffs have incurred substantial attorneys' fees in this action. Gertzog Declaration ¶ 15. This is due to (1) the multiple efforts Plaintiffs undertook to resolve this matter, including writing to Defendants repeatedly prior to filing the Complaint and engaging in discussions with Defendants' Canadian counsel post-filing of the Complaint, and (2) the extensive efforts required to research the facts in this case, prepare the Complaint with its voluminous exhibits and file this motion for a default judgment. During the inquest to be scheduled by the Court, Plaintiffs plan on presenting evidence of their attorneys' fees incurred in this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a default judgment against Defendants and order the relief requested.

Dated: January 18, 2007
      New York, New York

                Respectfully submitted,

                DEBEVOISE & PLIMPTON LLP

                By:  /s/ S. Zev Parnass
                    Bruce P. Keller (BK 9300)
                    S. Zev Parnass (SP 3284)
                919 Third Avenue
                New York, New York 10022
                (212) 909-6000 (phone)
                (212) 909-6836 (fax)
                bpkeller@debevoise.com
                szparnass@debevoise.com
                *Attorneys for Plaintiffs*